UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| SHARON M. HALL, ) | |
| ) | |
| Plaintiff, ) | Civil No. 3:16-cv-0044-GFVT |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| JANET CONOVER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

Plaintiff Sharon M. Hall is a prisoner incarcerated at the Kentucky Correctional Institute for Women ("KCIW") in Peewee Valley, Kentucky. Proceeding without an attorney, Ms. Hall has filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated her statutory and constitutional rights to freely practice her religion. [R. 1; R. 10.] Specifically, Ms. Hall's Complaint alleges that KCIW's canteen does not stock and sell unidentified hair products that she, as a Rastafarian, needs to properly practice her faith. Ms. Hall contends that this failure constitutes a violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc ("RLUIPA"), and of her rights under the First Amendment. [R. 1 at 3–4; R. 10 at 4.] The Court previously dismissed Ms. Hall's claims seeking money damages, but permitted the action to proceed with respect to her request for prospective injunctive relief against the defendants. [R. 27.]

On January 26, 2018, Defendants Janet Conover, Vanessa Kennedy, Randy Hargis, and Kenny Talbott filed a Motion for Summary Judgment [R. 35], which was also joined by Defendant Libby Gail [R. 36, 38]. In their motion, Defendants state that KWIC now carries hair

product which appear to be compliant with Ms. Hall's request for Rastafari hair products, as they are all-natural and may be used to care for dreadlocks. [R. 35.] Specifically, Defendants offer as evidence an Affidavit of Lisa Lewis, fiscal manager at the KCIW, indicating that canteen at the KCIW now carries the following hair care products: Knotty Boy Dreadlock Shampoo, Lock, Twist and Braid Gel, Olive Oil Cream Hair Dress, and Murphy's 100% Beeswax. [R. 35-2 at ¶ 3.] Moreover, Defendants indicate that, as these products are now on the "Master List," the canteen manager may simply reorder them when they run out. [*Id*. at ¶ 5]. Accordingly, Defendants argue that Ms. Hall's remaining claim for injunctive relief is now moot. In the alternative, Defendants argue that Ms. Hall's claim under the First Amendment and the RLUIPA should be dismissed because she has failed to establish that the prison has impaired the practice of her religion.

On February 1, 2018, the Court entered an order directing Ms. Hall to file a response to Defendants' motion within 45 days and warned her that, if she failed to do so, the Court may dismiss her case for failure to prosecute, *see* Fed. R. Civ. P. 41(b), or grant Defendants' motion for any reason adequately supported by the record, *see Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991). [R. 38.] This deadline has come and gone and Ms. Hall has not filed any response or taken any other action in this case. Ms. Hall was specifically warned that her failure to file a response may result in the dismissal of her case for failure to prosecute. Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed. *Bowles v. City of Cleveland*, 129 F. App'x 239, 244 (6th Cir. 2005). Thus, Ms. Hall's failure to respond alone would justify dismissal of her Complaint.

Regardless, in the interest of completeness and finality, the Court will consider the substantive arguments set forth by Defendants in their Motion for Summary Judgment. A

motion under Rule 56 of the Federal Rules of Civil Procedure challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986). A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that the party is entitled to a judgment as a matter of law. *Loyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014). The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir.1994). However, if the responding party's allegations are so clearly contradicted by the record that no reasonable jury could adopt them, the court need not accept them when determining whether summary judgment is warranted. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Johnson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Here, in order to prevail on her RLUIPA claim, Ms. Hall must first show that the government "substantially burdened" her exercise of religion. 42 U.S.C. § 2000cc-1(a). *See also Holt v. Hobbs*, __ U.S. __, 135 S.Ct. 853, 862 (2015). Similarly, her First Amendment claim requires an inquiry into whether a prison regulation "substantially infringes" on Ms. Hall's First Amendment rights. *Turner v. Safley*, 482 U.S. 78, 89 (1987). However, Ms. Hall has failed to provide the Court with any evidence or explanation regarding what her specific religious hair care requirements are. Thus, there is no information before the Court which would permit it to conclude that Ms. Hall's religious rights have been substantially burdened or otherwise infringed

upon. Accordingly, Defendants' Motion for Summary Judgment with respect to Ms. Hall's RLUIPA and First Amendment claims will be granted.

Moreover, Defendants have submitted evidence that hair products appearing to meet Ms. Hall's request for hair products that would enable her to care for her dreadlocks have been ordered and are now available through the canteen at the KWIC. Because Ms. Hall did not file a substantive response to the defendants' motion, the Court accepts the defendants' factual assertions as true. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404–05 (6th Cir. 1992). Thus, as Ms. Hall is now being provided with the hair care products that she requires, her request for prospective injunctive relief is moot. *Jaami v. Compton*, 248 F.3d 1149 (6th Cir. 2000)(Table)("This change in the prison policy renders [plaintiff's] requests for declaratory and injunctive relief moot because no need exists for this court to issue an injunction when prison authorities have voluntarily changed the allegedly unconstitutional practice.")(citing *Kellogg v. Shoemaker,* 46 F.3d 503, 507 (6th Cir.1995)).

Accordingly, it is hereby **ORDERED** as follows:

1. Defendants' Motion for Summary Judgment [**R. 35**] is **GRANTED**;

2. Plaintiff's Complaint [**R. 1; R. 10**] is **DISMISSED WITH PREJUDICE**; and

3. The Court will enter a judgment contemporaneously with this order.

This 28th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge